IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| VIOLET L. GOODWIN, | ) | 8:10CV423 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CREIGHTON UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed her Complaint in this matter on October 29, 2010. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

### I. SUMMARY OF COMPLAINT

Plaintiff filed her Complaint on October 29, 2010, against Creighton University. (Filing No. 1 at CM/ECF p. 1.) Plaintiff is a female African American who currently resides in Omaha, Nebraska. (*Id*. at CM/ECF p. 4; *see also* Docket Sheet.)

Condensed and summarized, Plaintiff alleges that Defendant denied her admission to law school because of her race in violation of Title VI. (Filing No. 1 at CM/ECF p. 2.) Plaintiff also alleges her "score/GPA - Bachelor's Degree [are] as good as anybody's," that Defendant used a "quota system" to deny her admission and that Defendant receives federal financial assistance. (*Id*. at CM/ECF pp. 2, 4.) Plaintiff seeks an injunction and $10,000,000.00 in monetary damages. (*Id*. at CM/ECF p. 4.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

Plaintiff has alleged a claim under Title VI of the Civil Rights Act. (Filing No. 1 at CME/ECF p. 1.) Pursuant to Title VI, "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. "Although Title VI does not mention a private right of action, [the Supreme Court's] decisions have found an implied right of action." *Barnes v. Gorman*, 536 U.S. 181, 185 (2002); *see also*

*Fuller v. Rayburn*, 161 F.3d 516, 518 (8th Cir. 1998) (concluding "Title VI generally permits recovery of damages for intentional discrimination"). To establish a prima facie case under Title VI, a plaintiff must demonstrate that her race, color, or national origin was the motive for the discriminatory conduct. *Thompson v. Bd. of Special Sch. Dist. No. 1*, 144 F.3d 574, 578-79 (8th Cir. 1998).

Here, Plaintiff alleges Defendant discriminated against her based upon her race and that her race was the reason she was not admitted to law school. Plaintiff also alleges she was otherwise qualified for admission and that Defendant receives federal financial assistance. Liberally construed, Plaintiff has set forth sufficient facts to assert a Title VI claim. However, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claim or potential defenses thereto.

IT IS THEREFORE ORDERED that:

1.     Plaintiff's Title VI claim may proceed.

2.     To obtain service of process on Defendant, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send ONE (1) summons form and ONE (1) USM-285 form to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

3.     Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will

copy the Complaint, and Plaintiff does not need to do so.

4. Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

5. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

6. The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**March 30, 2011**: Check for completion of service of summons."

7. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of her current address at all times while this case is pending. **Failure to do so may result in dismissal.**

DATED this 1st day of December, 2010.

BY THE COURT:

*Richard G. Kopf*

United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.